UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| In Re: | ) |
|---|---|
| SCOTT HEIEN and GINA MARIE HEIEN, | ) ) ) |
| Debtors. | ) |
| AUTOCENTERS ST. CHARLES, LLC, | ) |
| Appellant/Plaintiff, | ) Case No. 4:14-cv-2121 (JCH) |
| v. | ) |
| GINA MARIE HEIEN, | ) |
| Appellee/Debtor. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Appellant/Creditor AutoCenters St. Charles, LLC's ("AutoCenters") appeal from a bankruptcy court[1] order denying AutoCenter's Motion for Relief from the Automatic Stay or in the Alternative for Abandonment of Property. The appeal has been fully briefed and is ready for disposition.

**BACKGROUND**

Debtor/Appellee Gina Heien "filed a Voluntary Joint Petition for relief under Chapter 13 of the Bankruptcy Code with her husband, Scott Heien, on September 4, 2014." (Bankruptcy Order, ECF No. 4-1, at A-33). On August 27, eight days prior to filing her bankruptcy petition, Heien bought a 2012 Hyundai Santa Fe from AutoCenters. *Id.* at A-32. This purchase is at the center of the dispute between Heien and AutoCenters.

---
[1] The Honorable Kathy A. Surratt-States, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

1

The Bankruptcy Court determined that Heien signed only two documents at the time she purchased the Sante Fe: a Retail Buyers Order and a Retail Installment Contract. *Id.* at A-32, A-33. These two documents, according to the Bankruptcy Court, set forth the whole of the agreement between Heien and AutoCenters, and the sale supposedly was completed when Heien signed them. *See id.* Heien was, under this version of events, the owner of the Sante Fe when she took possession that day.[2] The Santa Fe therefore became part of the bankruptcy estate and was protected under the Bankruptcy Code from any recovery action by AutoCenters. *Id.* at A-34, A-36.

AutoCenters claimed during the Bankruptcy Court proceedings that Heien also signed a third document, the Bailment Contract, on August 27. *Id.* at A-33. According to AutoCenters, the Bailment Contract was part of the sales contract even it though it lists a different date, September 5, than the other two documents. *Id.* The Bailment Contract states in part:

> Buyer(s) understand(s) and agree(s) that the purchase of the vehicle from Dealer is conditional pending credit approval of Buyer(s) financing and completion of the sales transaction. Delivery of said vehicle by Dealer hereby made to Buyer(s) solely as a convenience to Buyer(s) . . . Until completion of the sales transaction said vehicle remains the property of the Dealer.

*Id.* (quoting Bailment Contract). In other words, the Bailment Contract purported to make completion of the sale conditional on Heien obtaining financing. It also purported to retain AutoCenters' ownership interest in the Santa Fe despite the fact that Heien had taken possession of the car. This purported ownership interest was the main basis on which AutoCenters sought relief from the automatic stay. *Id.*

---

[2] That Heien took possession of the Santa Fe on August 27 is not stated explicitly in the record, but it is heavily implied throughout. At the very least, the record clearly implies that Heien had possession of the vehicle when she filed her bankruptcy petition.

The Bankruptcy Court denied AutoCenters' motion for relief from stay after holding a hearing at which both sides presented testimonial evidence. *Id.* at A-32, A-36. In so ruling, it found that any attempt by AutoCenters to reserve title after delivery was invalid under Mo. Rev. Stat. § 400.2-401(1). *Id.* at A-35. It also discredited the Bailment Contract because the Bailment Contract "is dated September 5, 2014 which is one day after Debtor's Chapter 13 case was commenced and therefore, does not assist this Court in determining Debtor's interest in the Vehicle at the time Debtor's case was filed." *Id.* AutoCenters now challenges the Bankruptcy Court's judgment.

## **DISCUSSION**

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations *de novo* and findings of fact for clear error." *In re Fairfield Pagosa, Inc.*, 97 F.3d 247, 252 (8th Cir. 1996). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Lemaire*, 898 F.2d 1346, 1349 (8th Cir. 1990) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

AutoCenters contends the Bankruptcy Court's ruling should be reversed because it clearly erred in disregarding the Bailment Contract. (Appellant Brief, ECF No. 4, at 9). AutoCenters notes that an AutoCenters employee testified at the Bankruptcy Court hearing that the date on the Bailment Contract was simply a computer error. *Id.* at 11. AutoCenters also points out that "[a]t no point does Ms. Heien *categorically deny* that her signature appears on the Bailment Contract *or* that she signed it on August 27, 2014." *Id.* (emphasis in original). Instead, she claims not to recall signing the document. *Id.* at 11-12. Heien's testimony thus contrasts with

3

the statements of AutoCenters' finance manager, who "signed an affidavit wherein he firmly and unequivocally states that Gina Heien signed the Bailment Contract on August 27, 2014 along with all of the other documents she signed that day." *Id.* AutoCenters states, correctly, that the Bankruptcy Court discussed neither of these points in its Order. *Id.* at 11-12. AutoCenters contends that the Bankruptcy Court therefore committed clear error in failing to include the Bailment Contract as part of the contract for sale. Because the Bailment Contract made the sale conditional on Heien obtaining financing, which she failed to do, AutoCenters claims to have retained ownership of the Santa Fe even though Heien took possession before filing her bankruptcy petition. AutoCenters maintains it therefore should be able to recover the vehicle.[3] *Id.* at 13.

Commencement of a bankruptcy case immediately creates an "estate." 11 U.S.C. § 541(a). Included in the estate, with a few specific exceptions, are "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). Once property has come into the bankruptcy estate, it is protected by the "automatic stay," which takes effect when a bankruptcy petition is filed. 11 U.S.C. § 362(a)(3) (prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"). The stay can be lifted only in certain circumstances, the broadest of which is found in 11 U.S.C. § 362(d)(1), under which stay can be lifted "for cause . . . ." While not explicitly set forth in its Order, these provisions underlie the Bankruptcy Court's judgment. In essence, the Bankruptcy Court held that title had passed to Heien on August 27 and that the

---

[3] AutoCenters also seems to contend that relief from the automatic stay should be granted because Heien filed her bankruptcy petition in bad faith. (*See* Appellant Brief at 9). There is nothing in the record indicating that AutoCenters presented this argument to the Bankruptcy Court. Since appellate courts generally do not consider arguments raised for the first time on appeal, *e.g.*, *United States Fire Ins. Co. v. Kresser Motor Serv., Inc.*, 26 F.3d 91, 95 (8th Cir. 1994), the Court will not address the merits of this argument.

Santa Fe thus became property of the estate when she filed her bankruptcy petition on September 4. It therefore was protected by the automatic stay, and AutoCenters did not show adequate "cause" to have the stay lifted.

It should be noted here that it is somewhat unclear which section of the bankruptcy code would serve as the basis for AutoCenters' recovery of the Santa Fe. The thrust of AutoCenters' contention is that the sale of the Santa Fe was never completed because Heien never obtained financing and that it therefore retained ownership of the vehicle. It does not make clear what interest Heien had in the vehicle if the sale was never completed. If Heien had no interest in the Santa Fe, then it was not property of the estate, *see* § 541(a), and lift of stay would be unnecessary. *See* § 362(a). If Heien had some sort of possessory interest in the Santa Fe, it would be property of the estate and lift of stay therefore would be necessary. *E.g.*, *In re Washington*, 137 B.R. 748, 750-51 (Bankr. E.D. Ark. 1992). In this situation, AutoCenters' ownership of the car would serve as the "cause" necessary for lift of the automatic stay. Whatever the theory, AutoCenters' ability to recover the Santa Fe hinges on whether it owned the Santa Fe at the time Heien filed her bankruptcy petition.

The problem with AutoCenters' theory, that the Bankruptcy Court should be reversed because it clearly erred in disregarding the conditional nature of the contract, is that it does not rest on an accurate understanding of Missouri law regarding the sale of goods. Under Mo. Rev. Stat. § 400.2-401(1), "[a]ny retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." The Eighth Circuit has interpreted the provision on which § 400.2-401(1) is based, section 2-401(1) of the Uniform Commercial Code, to mean that "once a court determines that an alleged bailment actually constitutes a sale, the party in possession of the goods has a propriety [*sic*]

5

interest in them as a matter of law." *Rohweder v. Aberdeen Prod. Credit Ass'n*, 765 F.2d 109, 112 (8th Cir. 1985). The purported bailor would retain only a security interest. *Id.* In other words, once the buyer takes possession under a contract for the sale of goods, the buyer becomes the owner and the seller is nothing more than a secured party. This is so regardless of whether the sale is conditional. *Id.* at 113 ("If Rohweder intended to make a conditional sale when he delivered the cows to Bellman, he retained only a security interest").

The Eighth Circuit's interpretation is consistent with Missouri's interpretation of an earlier, although substantially identical, version of § 400.2-401(1). *Dean Machinery Co. v. Union Bank*, 106 S.W.3d 510, 517 (Mo. Ct. App. 2003) ("the provision of [a] sales agreement purporting to reserve title in the seller only reserved a security interest in the equipment and, thus, the seller was not the owner of the equipment"). It also accords with other courts' interpretations of § 400.2-401(1) equivalents. *E.g.*, *In re Davis*, 2014 WL 5306088, at *4 (Bankr. N.D. Oh. Oct. 15, 2014); *In re Rome Family Corp.*, 407 B.R. 65, 75-78 (Bankr. D. Vt. 2009); *In re J. Adrian Sons, Inc.*, 205 B.R.24, 26-7 (Bankr. W.D.N.Y 1997). Thus, in, Missouri, regardless of whether a sale is made conditional on the buyer making payment and any language purporting to reserve an ownership interest in the seller, the buyer takes title as soon as delivery occurs. *See Robinson v. Citicorp Nat'l Servs., Inc.*, 921 S.W.2d 52, 54 (Mo. Ct. App. 1996) ("where there is a paucity of Missouri case law interpreting a provision of the UCC, courts of this state look for guidance to decisions of other jurisdictions made under the same provision"). The seller retains only a security interest.

It therefore makes no difference to the outcome of this case whether the Bailment Contract was part of the contract for sale. The language of the Bailment Contract makes "the purchase of the vehicle from Dealer . . . conditional pending credit approval of Buyer(s)

financing . . . ." (Bankruptcy Order at A-33 (quoting Bailment Contract)). It also claims that "[u]ntil completion of the sales transaction said vehicle remains the property of the Dealer." *Id.* The latter provision is inoperative under § 400.2-401(1). It may as well not be included. As soon as Heien took delivery of the Santa Fe, title of the vehicle passed to her as a matter of law, and AutoCenters retained nothing more than a security interest.

AutoCenters has presented no basis on which to avoid application of § 400.2-401(1). The name of the Bailment Contract might indicate that delivery was made to Heien as a bailee, in which case the delivery would not have constituted a transfer of title. *Rohweder*, 756 F.2d at 112. But a cursory reading of the Bailment Contract undermines this theory. The Bailment Contract's express purpose, as quoted above, is to be part of the overall contract for sale. Indeed, this has been AutoCenters' theory both here and in the Bankruptcy Court. (*See* Appellant Brief at 12 ("the Bankruptcy Court's analysis assumes that no Bailment Contract was signed and therefore assumes that the sale was not a conditional one. Again, AutoCenters has taken the position from the outset that the sale to Ms. Heien was conditional"). Without some reason to avoid application of § 400.2-401(1), Heien became the owner of the vehicle at the time she took possession of it regardless of whether the Bailment Contract was part of the sales contract. Heien therefore owned the Santa Fe at the time she filed bankruptcy, the Santa Fe was property of the estate, and AutoCenters has given no reason why it should be allowed to recover posession of the vehicle.[4]

---

[4] AutoCenters requests as an alternative to reclaiming possession that the Court enter an order "permitting AutoCenters to transfer title to the Hyundai to Ms. Heien and assert its lien in the Heiens' Chapter 13 bankruptcy proceeding." (Appellant Brief at 13). While the Court holds that the transfer of title to Heien has already occurred, it has also indicated that AutoCenters has a security interest in the Santa Fe pursuant to § 400.2-401(1). This is a fact the Bankruptcy Court acknowledged in its Order. (Bankruptcy Order at A-35 ("Creditor AutoCenters' reservation of title is effective only to permit Creditor AutoCenters to establish its security interest in the Vehicle.")). The Court therefore sees no reason why AutoCenters cannot present argument for asserting its lien to the Bankruptcy Court.

7

Accordingly,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's Order is **AFFIRMED**. A separate judgment will accompany this Memorandum and Order.

**IT IS FUTHER ORDERED** that AutoCenters' request for oral argument is **DENIED.**

Dated this 16th Day of March, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE